UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHERYL CLEVENGER, Individually and on Behalf of All Those Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. C-1-02-558 |
| v. | ) ) | Chief Judge Sandra S. Beckwith |
| DILLARDS, INC., MERCANTILE STORES PENSION PLAN, and MERCANTILE STORES PENSION COMMITTEE, et al. | ) ) ) ) | Magistrate Judge Hogan |
| Defendants. | ) ) | |

## ORDER AWARDING ATTORNEYS' FEES AND COSTS

Class Counsel has requested an award of attorneys' fees and costs pursuant to the common fund doctrine in the amount of 29% of the Settlement Fund achieved through their efforts in this action.[1]  For the reasons set forth below and at the February 15, 2007, final fairness hearing, the Court approves Class Counsel's request.

I. Background

This case involves claims that Defendants miscalculated lump sum distributions based on the dates that the distributions were made and that one or more amendments to the Mercantile Stores Pension Plan ("the Plan") resulted in violations of the ERISA rules governing plan terminations, minimum vesting requirements, present value requirements, and/or the obligations imposed on fiduciaries.  In addition to facing a difficult legal battle, it was clear that anyone representing Plaintiff would be required to overcome a well-financed adversary and prominent defense counsel with abundant financial and legal resources at their disposal.

The Court's own review of the case confirms that the issues presented were highly complex and required a level of sophistication and expertise in ERISA pension matters that few lawyers possess.  The evidence and arguments presented at the final fairness hearing showed that Class Counsel, Mr. Sprong and Mr. Carr, are highly competent pension litigators, and their work

---

[1]Class Counsel is not requesting any additional recovery to reimburse them for the expenses they already have incurred, or will incur in the future, but will reimburse themselves out of the fee awarded.

in this matter and the result they achieved demonstrates to the Court that they are very experienced in these matters.

As the Court stated at the final approval hearing, the settlement achieved was an excellent result for the Class. The settlement negotiations spanned a considerable length of time and involved numerous in-person meetings, a court-ordered settlement meeting, and two mediation sessions, all of which culminated in the Settlement Agreement reached in June 2006. Lesser offers to settle made by Defendants were rejected by Class Counsel, who chose instead to continue to press on for a greater recovery despite the risk of possibly recovering less or nothing.

In November 2006, Dillard's mailed notice of the proposed settlement and attorneys' fee request to approximately 25,500 Class members. The notice included a Court-ordered procedure by which an individual Class member could object to the fee requested by Class Counsel and required that such objections be filed with the Court by January 15, 2007. Not one Class member objected to the proposed 29% fee award.[2]

II. Legal Analysis

The United States Supreme Court "has consistently recognized that a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (citations omitted). A common fund award is appropriate when, as in the instant case, "each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf." *Id.* at 479. As this Court noted in an ERISA class action, the common fund method for awarding attorney's fees applies when the parties have settled the case. *Dalesandro v. International Paper Co.*, No. 1:01-cv-109 (S.D. Ohio) (July 8, 2005 Order, p. 49, citing *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). Other circuits that have addressed the issue have concluded that

_____

[2]The Independent Fiduciary retained by Defendants to opine as to whether the settlement qualified for the Department of Labor's prohibited transaction exemption requested, by an e-mail letter sent the afternoon before the fairness hearing, that the Court defer ruling on the attorneys' fee request and require Counsel to submit their loadstar. For the reasons detailed below, the Court declines the Fiduciary's request.

recovery of common fund fees is not precluded where a fee-shifting statute applies. *Staton v. Boeing Company*, 327 F.3d 938, 967 (9th Cir. 2003) (*citing, e.g., Brytus v. Spang & Co.,* 203 F.3d 238, 246-247 (3d Cir. 2000) (holding that common fund fees can be appropriate in both settled and litigated cases where statutory fees are potentially available); *Cook v. Niedert,* 142 F.3d 1004 (7th Cir. 1998) (approving fees measured by common fund rather than statutory principles where statutory fees were potentially available); *Skelton v. GM Corp.,* 860 F.2d 250, 256 (7th Cir. 1988) (when a settlement fund is created in exchange for release of the defendant's liability for damages and statutory attorney fees, equitable principles govern the court's award of attorney fees); *see also Boeing, supra*.

The Sixth Circuit has held that "either the lodestar or percentage of the fund method of calculating attorney's fees is appropriate in common fund cases, and the determination of which method is appropriate in any given case will depend on its circumstances." *Rawlings*, 9 F.3d at 517; *see also Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996). In *Rawlings,* the Sixth Circuit stated as follows:

> We are aware of the recent trend towards adoption of a percentage of the fund method in [common fund] cases. [citations omitted]. Nonetheless, a number of our sister courts of appeals have recognized that the appropriate method for use in common fund cases depends upon the circumstances of each case. [citations omitted]. In this circuit, we require only that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances. [citation omitted].

9 F.3d at 516-517.

The Court finds that it is appropriate to award Class Counsel a percentage of recovery fee in this litigation. In determining what constitutes a reasonable and fair percentage, the Court has considered the following factors which the Sixth Circuit has suggested should be taken into account in ascertaining an appropriate percentage award: (1) the value of the benefit rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional standing and skill of counsel

on both sides. *See Kogan,* 193 F.R.D. at 502 (citing *Smillie v. Park Chem. Co.,* 710 F.2d 271, 275 (6th Cir. 1983)).

Consideration of each of these factors leads to the conclusion that Class Counsel's fee request is fair and reasonable. First, Class Counsel secured a substantial benefit for the class. Second, there is a public interest in ensuring that attorneys willing to represent employees in ERISA litigation are adequately paid so that they and others like them will continue to take on such cases. Adequate compensatory fee awards in ERISA class actions promote private enforcement of, and compliance with, ERISA. Protecting retirement funds of workers is of genuine public interest and thus supports a fully compensatory percentage of the fund fee award. In addition, both the named Plaintiff and essentially all of the members of the Class in this pension litigation have damages that would not and could not be litigated on the basis of an hourly fee contract. Ms. Clevenger received a total pension distribution from the Plan of approximately $12,000 and, under any scenario, she would not have been entitled to recover more than a few thousand additional dollars as a result of the allegations in the Complaint. Obviously, she could not afford to retain counsel on any basis other than a contingent fee arrangement. Nor is there any reason to believe that any other Class members would have been willing to pay hourly fees in the hope that this case would be successful. Class Counsel, who are nationally recognized experts in ERISA pension benefit cases, have testified that they have not accepted, and would not accept, a similar case on any basis other than a contingency fee basis. Thus, the undisputed evidence is that the market for legal services for this type of litigation is a contingency fee arrangement commensurate with the 29% fee request made herein and that this percentage is reasonable under the circumstances of this case. Moreover, this litigation involved complex factual and legal issues. As to the final factor, class counsel are highly competent and experienced pension litigators who faced skilled adversaries in this litigation.

The Court further finds that the percentage requested by Class Counsel here is modest and is below what is often awarded by district courts in this Circuit. *See, e.g., In re Valley Sys. Securities Litigation,* No. 5:92-cv-2124, (Bell, J.) (N.D. Ohio March 16, 1994) (30% plus

expenses); *In re Nord Res. Corp. Sec. Litig.,* No. C-3-90-380 (S.D. Ohio Dec. 9, 1994) (30% plus expenses); *In re Structural Dynamics Research Corp. Securities Litigation,* No. C-1-94-630 (S.D. Ohio Mar. 22, 1996) (30% including expenses); *In re Rio Hair Naturalizer Prods. Liab. Litig.,* No. MDL 1053, 1996 WL 780512 (E.D. Mich. Dec. 20, 1996) (fee awards in common fund cases  typically range from 20% to 50% of the fund); *In re Cincinnati Microwave, Inc. Securities Litigation,* No. C-1-95-905 (S.D. Ohio Mar. 21, 1997) (30% plus expenses); *Kogan v. Aimco Fox Chase, LP,* 193 F.R.D. 496, 503-504 (E.D. Mich. 2000) (attorneys fees of approximately 30% of the common fund awarded); *In re Telectronics,* 137 F.Supp.2d 1029, 1046 (S.D. Ohio 2001) (noting that the range of reasonableness has been designated as between 20% to 50% of the common fund); *New England Employees Pension Fund v. Fruit of the Loom*, 234 F.R.D. 627 (W.D. Ky 2006) (25% of total settlement funds awarded as fee).  *See also* MANUAL FOR COMPLEX LITIGATION (4th) § 14.121 (2004) (noting that courts often select a percentage award in the range of 25% to 30% of the fund).  In addition, the requested percentage has been awarded to Class Counsel in numerous other pension matters, many of which involved settlement funds greater than the Fund at issue here.

III.  Conclusion

For all the foregoing reasons, the Court approves the 29% fee request.

**IT IS SO ORDERED**.

Date: March 9, 2007                              S/ Sandra S. Beckwith
                                                 Sandra S. Beckwith, Chief Judge
                                                 United States District Court